UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


MICHAEL W. INGRAM           ]
    Plaintiff,              ]
                            ]
v.                          ]        No. 3:09-0037
                            ]        Judge Trauger
DARON HALL, SHERIFF, et al. ]
    Defendants.             ]


## O R D E R

Presently before the Court is a Report and Recommendation (Docket Entry No. 50) from the Magistrate Judge, recommending that the Motion to Dismiss (Docket Entry No. 42) filed by the "Government Defendants" be granted.[1] The plaintiff has filed timely objections (Docket Entry No. 55) to the Report and Recommendation.

The plaintiff is a pre-trial detainee at the Davidson County Criminal Justice Center in Nashville. The essence of his § 1983 complaint is that he has been denied a nutritionally adequate diet at this facility.

In his Report and Recommendation, the Magistrate Judge determined that the Government Defendants had no involvement in the planning, preparation and delivery of plaintiff's meals. Therefore, in the absence of any allegations suggesting affirmative misconduct on their parts, the plaintiff had failed to state a viable claim against the Government Defendants acting in their individual capacities. Birrell v. Brown, 867 F.2d 956, 959 (6th Cir. 1989). The Magistrate Judge

---

[1] The "Government Defendants" include Sheriff Daron Hall, Jail Administrator Austin Bodie, Sgt. Curtis Barnes, Sgt. Barbara Freeman and Sgt. Cristofer McCutcheon. *See* Docket Entry No. 42 at pg. 1.

further found that the plaintiff had failed to state a claim against these defendants acting in their official capacities, as there were no allegations suggesting that the plaintiff's dietary woes were attributable to some sort of official policy or custom. Monell v. Dept. of Social Services, 436 U.S. 658, 690-91 (1978).

In his objections, the plaintiff asserts that the Government Defendants are liable because he complained to each of them about his dietary problems but they refused to intervene on his behalf. The Magistrate Judge correctly noted that a prison official will not be held liable under § 1983 simply because he would not act upon a prisoner's grievances. Summers v. Leis, 368 F.3d 881, 888 (6th Cir. 2004). The plaintiff, however, disagrees with the Magistrate Judge and contends that a failure to intervene, as in the case of a prisoner being assaulted, does rise to the level of a constitutional violation.

Plaintiff's example of a prisoner being assaulted while a guard fails to intervene is not the same as a prison official who fails to act upon an inmate's dietary grievance. The Government Defendants were not responsible for the planning, preparation or delivery of the plaintiff's meals. That task was assigned to others at the Criminal Justice Center but not to these particular defendants. But in the case of a prisoner being assaulted, every prison official has a constitutional obligation to ensure his safety whenever possible. As a consequence, the Court finds no merit in the plaintiff's objections. The objections, therefore, are hereby OVERRULED and the Report and Recommendation is adopted and approved in all respects.

It is so ORDERED.

Aleta A. Trauger
United States District Judge