IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| MICHAEL W. INGRAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:09-cv-00037 |
| ) | |
| ALLEN BRADLY LLOYD MANAGEMENT, ) | |
| INC.; (ABL) FOOD SERVICE; ) | |
| VENESTINE DULIN, ) | |
| JERRY MATHIS, SR., ) | |
| VICKY JENKINS, ) | |
| REYTCHISON, ) | |
| DANA AKINS, ) | JUDGE TRAUGER |
| BAKETTE L. ) | |
| MS. LON KID, ) | MAGISTRATE KNOWLES |
| ) | |
| Defendants. ) | |

**ANSWER OF ABL MANAGEMENT, INCORPORATED, V. DULIN, R. EYTCHISON, V. JENKINS, DANA AKINS AND BAKETTE L. (SIC) BABETTE LANIUS TO SECOND AMENDED COMPLAINT**

Come the ABL defendants who have been served with service of process, ABL Management, Incorporated (erroneously sued as (ABL) Food Service), V. Dulin, R. Eytchison, V. Jenkins, Dana Akins and Babette Lanius (there is no person by the name of Ms. Lon Kid), (herein "Answering Defendants"), by and through counsel, pursuant to Rule 15 of the Federal Rules of Civil Procedure, in response to the Second Amended Complaint, filed on August 19, 2009, and plead as follows:

**FIRST DFENSE**

The Second Amended Complaint fails to state a claim against the Answering Defendants upon which relief can be granted.

1

## Case Summary

## Jurisdiction and Venue

## SECOND DEFENSE

Responding to and answering the allegations and averments of the Second Amended Complaint in the same sequence in which they appear, Answering Defendants plead as follows:

1. Without admitting that plaintiff is entitled to any relief under any of the Code Sections set forth in the paragraphs entitled "Jurisdiction and Venue", Answering Defendants do not object to the jurisdiction and venue of this Court. Answering Defendants plead that Sections 28 U.S.C. 22-83 and 22-84 have no applicability to this proceeding.

2. Answering Defendants generally admit the truth of the averments of paragraph entitled "Plaintiff" of the Second Amended Complaint.

3. Answering Defendants plead to the paragraph entitled "Defendants" on page 2 of the Second Amended Complaint in the same sequence as the defendants are named in that paragraph.

4. Answering Defendants plead that Allen Bradly, Lloyd Management, Inc., is not a name known to or used by the Answering Defendants (see letter sent to plaintiff by counsel for the defendants by certified mail dated August 5, 2009, attached hereto as **Exhibit 1.**

5. (ABL) Food Services, Inc. is a name that is not used by Answering Defendants.

6. Answering Defendants plead that Jerry Mathes, Sr. was a Senior Food Service Director until June 20, 2008, for ABL Management, Incorporated. He has not been served with process in this case.

7. Answering Defendants admit that Vernestine Dulin was and is the Food Service Director for ABL Management, Incorporated, and that she has such responsibilities as the

contract between the Metropolitan Government of Nashville of Davidson County and ABL Management, Incorporated impose upon her.

8. Answering Defendants admit that Richard Eytchison was a former employee of ABL Management, Incorporated and, as such, had the responsibilities as were given him by management of ABL Management, Incorporated.

9. Answering Defendants admit that Vickie Jenkins is a current employee of ABL Management, Incorporated and has such responsibilities as are delegated to her by management of ABL Management, Incorporated.

10. Answering Defendants admit that Dana Akins is a current employee and has such responsibilities as are delegated to her by the management of ABL Management, Incorporated.

11. Answering Defendants admit that Babette Lanius is a Corporate Dietitian and a current employee of ABL Management, Incorporated and is responsible for generating a diet based upon the type of diet designated by the responsible official of the Davidson County Criminal Justice Center.

12. Answering Defendants know of no individual by the name of Ms. Lon Kid and plead that if such an individual exists, she is not associated with ABL Management, Incorporated. On the second diet (a 7-day diet), a Lacto-OVO vegetarian no-beans diet written by Babette Lanius, above the word Saturday, she wrote "MS LDN" after her name. The MS stands for Master of Science and the LDN stands for Licensed Dietitian Nutritionist.

Answering Defendants plead that each defendant was acting by reason of a contract entered into between the Metropolitan Government of Nashville and Davidson County.

**Facts**

1. Answering Defendants deny the truth of the averments of the first paragraph under the category "Facts". There is nothing in the intake form of December 7, 2007, or Intra-Facility Transfer Screening Record, dated January 17, 2008, or in the physical exam reports to indicate that plaintiff told any official during the booking process and during the examination process that he was a vegetarian or that he had any allergies. There is nothing to indicate he told the nurse of his vegetarian dietary needs, i.e., no red meat, and that he is allergic to navy beans, white beans and pintos.

2. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of paragraph 2 on page 4 under the category of "Facts".

3. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of paragraph 3 on page 4 beginning with the words, "The primary problem has been one of proper vegan dietary needs".

4. Answering Defendants admit that after the plaintiff had requested a vegetarian diet and after he had indicated that he is allergic to navy beans, white beans, and pinto beans, he was served a different diet from the general population. Answering Defendants deny the truth of the remaining averments contained in paragraph 4 under the category of "Facts" contained on page 5 of the Second Amended Complaint, beginning with the words, "On a nearly daily basis".

5. Answering Defendants aver that milk is served to the plaintiff on a daily basis for breakfast and dinner. Answering Defendants aver that the fruit beverage contains Vitamin C and is served at lunch. It is sufficient for the plaintiff's needs. Answering Defendants deny the truth of the remaining averments of paragraph 5 under the category "Facts" contained on page 5 of the Second Amended Complaint, beginning with the words, "Further complicating the problem"..

4

6. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6 on page 5 of the Second Amended Complaint, which begins with the words, "When breakfast consists of".

7. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 7 under the category "Facts" on page 6 of the Second Amended Complaint which begins with the words, "Lunch at DCSO".

8. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 8 under the category "Facts" contained on page 6 of the Second Amended Complaint which begins with the words, "Eventually the cheese was substituted".

9. Answering Defendants deny the truth of the averments of paragraph 9 under the category "Facts" contained on page 6 of the Second Amended Complaint which begins with the words, "The evening meal was one of the worst".

10. Answering Defendants deny the truth of the averments of paragraph 10 under the category of "Facts" contained on page 7 of the Second Amended Complaint which begins with the words, "Very often the rice".

11. Answering Defendants deny the truth of the averments of paragraph 11 under the category of "Facts" contained on page 7 of the Second Amended Complaint which begins with the words, "The most frequent response".

12. Answering Defendants deny the truth of the averments of paragraph 12 under the category of "Facts" contained on page 7 of the Second Amended Complaint which begins with the words, "When substitutions were made".

5

13. Answering Defendants deny the truth of the averments of paragraph 13 under the category of "Facts" on page 8 of the Second Amended Complaint which begins with the words, "In the beginning".

14. Answering Defendants admit that the officials at the Davidson County Justice Center ordered a different meal than that served to the regular population. When the officials at the ABL Management, Incorporated received an order to provide the plaintiff with a vegetarian diet with no beans, this caused the plaintiff to receive a tray with food different from that the prisoners in the general population were receiving. Answering Defendants deny the truth of the remaining averments of paragraph 14 under the category of "Facts" contained on page 8 of the Second Amended Complaint which begins with the words, "Another aspect to the nutritional shortage".

15. Answering Defendants deny the averments of paragraph 15 under the category of "Facts" contained on page 9 of the Second Amended Complaint which begins with the words, "When this coincides with".

16. Answering Defendants deny the truth of the averments of paragraph 16 under the category of "Facts" contained on page 9 of the Second Amended Complaint which begins with the words, "Given that a serving of oatmeal or grits".

17. Answering Defendants admit that the language contained in paragraph 17 under the category of "Facts" on page 9 of the Second Amended Complaint beginning with the words, "The normal evening meal" describes a meal or some meals which are served to the general population at DCSO.

18. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 18 under the category of "Facts" on page 10 of the Second Amended Complaint beginning with the words, "As noted earlier".

19. Answering Defendants deny the truth of the averments of paragraph 19 under the category of "Facts" contained on page 10 of the Second Amended Complaint beginning with the words, "The evening meal".

20. Answering Defendants admit that Babette Lanius is the Corporate Dietitian for ABL Management, Incorporated and that at the request and order of the officials at DSCO, she created a reasonable and proper vegetarian diet with no beans for the plaintiff. Answering Defendants deny the truth of the remaining averments of paragraph 20 under the category of "Facts" contained on page 11 of the Second Amended Complaint beginning with the words, "As of June 2009".

21. Answering Defendants deny the truth of the averments of paragraph 21 under the category of "Facts" contained on page 11 of the Second Amended Complaint beginning with the words, "Defendant ABL Food Services, Inc."

22. Answering Defendants admit that Vernestine Dulin is a Food Service Director of ABL Management, Incorporated and they admit that Jerry Mathes, Sr. was a Senior Food Service Director until June 20, 2008. They further admit that Vickie Jenkins, Richard Eytchison, and Dana Akins are or have been employees of ABL Management, Incorporated. Answering Defendants deny the truth of the remaining averments of paragraph 22 under the category of "Facts" contained on page 11 of the Second Amended Complaint beginning with the words, "Vernestine Dulin, Food Service Director".

7

Case 3:09-cv-00037   Document 71   Filed 08/31/2009   Page 7 of 16

23. Answering Defendants deny the truth of the averments of paragraph 23 under the category of "Facts" contained on page 12 of the Second Amended Complaint beginning with the words, "Mr. Ingram wrote grievances".

24. Answering Defendants admit that Jerry Mathes, Sr. was a Food Service Director with ABL Management, Incorporated until June 20, 2008. Answering Defendants deny the truth of the remaining averments of paragraph 24 under the category of "Facts" contained on page 12 of the Second Amended Complaint beginning with the words, "Jerry Mathes, Sr., Food Service Director".

25. Answering Defendants admit that Richard Eytchison was a Food Service Director and previous employee for ABL Management, Incorporated. Answering Defendants deny the truth of the remaining averments of paragraph 25 under the category of "Facts" contained on page 12 of the Second Amended Complaint beginning with the words, "Reytchison, is or was a Food Service Director".

26. Answering Defendants admit that Vickie Jenkins is a current employee and Food Service Director for ABL Management, Incorporated. Answering Defendants deny the truth of the remaining averments of paragraph 26 under the category of "Facts" found on page 12 of the Second Amended Complaint which begins with the words, "Vicky Jenkins, Food Service Director".

27. Answering Defendants admit that Dana Akins is a current employee and Food Service Director for ABL Management, Incorporated. Answering Defendants deny the truth of the remaining averments of paragraph 27 under the category of "Facts" contained on page 13 of the Second Amended Complaint beginning with the words, "Dana Akins, Food Service Director".

28. Answering Defendants admit that Babette Lanius, not Bakette L., is a Corporate Dietitian employed by ABL Management, Incorporated. Answering Defendants deny the truth of the remaining averments of paragraph 28 under the category of "Facts" contained on page 13 of the Second Amended Complaint beginning with the words, "Bakette L., a certified Dietitian".

29. Answering Defendants deny the truth of the averments of paragraph 29 under the category of "Facts" found on page 13 of the Second Amended Complaint beginning with the words, "Lon Kid, a certified Dietitian of ABL".

30. Answering Defendants deny the truth of the averments of paragraph 30 under the category of "Facts" found on page 13 of the Second Amended Complaint which begins with the words, "That this has become a ubiquitous problem".

31. Answering Defendants deny the truth of the averments of paragraph 31 under the category of "Facts" found on page 13 of the Second Amended Complaint beginning with the words, "DCSO/CJC can and will".

32. Answering Defendants deny the truth of the averments of paragraph 32 under the category of "Facts" found on page 14 of the Second Amended Complaint beginning with the words, "The information and belief".

**Legal Claims**

Answering Defendants incorporate by reference their answers to the foregoing paragraphs under the category of "Facts" into the following paragraphs under the category of "Legal Claims".

Answering Defendants deny the truth of the averments of the paragraph under the category of "Legal Claims" found on page 14 of the Second Amended Complaint beginning with the words, "The denial of proper nutrition adequate to his needs".

Answering Defendants deny the truth of the averments of the paragraph under "Legal Claims" found on page 14 of the Second Amended Complaint which begins with the words, "The plaintiff has no adequate or complete remedy".

Answering Defendants deny the truth of the averments of the paragraph which begins with the words, "Wherefore, plaintiff respectfully prays this Court", including sub-paragraphs 1, 2, 2A, 2B, 2C, 3A, 3B, 4A and 4B, 5, 6, and 7.

Answering Defendants deny they are liable to the plaintiff for any compensatory damages, punitive damages or damages of any description, and they deny the plaintiff is entitled to any relief from them, or from any one or more of them.

### THIRD DEFENSE

Answering Defendants aver that some or all of plaintiff's claims are barred by plaintiff's failure to exhaust his administrative remedies.

### FOURTH DEFENSE

Answering Defendants aver that the plaintiff is not entitled to an award of compensatory damages pursuant to 42 U.S.C. Sec. 1997(e).

### FIFTH DEFENSE

Answering Defendants aver that they cannot be liable to plaintiff in their official capacity pursuant to 42 U.S.C. Sec. 1983 because of the lack of any violation of that statute and/or because of the absence of any custom or policy which was a moving force behind the violation of that statute.

### SIXTH DEFENSE

Answering Defendants deny they are responsible for any action or omission which was in violation of plaintiff's constitutional rights or was otherwise improper under federal or state law.

## SEVENTH DEFENSE

Answering Defendants aver that the plaintiff cannot prove a cause of action against them because he cannot prove that the answering defendants or their employees breached any duty to plaintiff or that the alleged actions or omissions of any the Answering Defendants or their employees constituted a legal and/or proximate cause of any damages to plaintiff.

## EIGHTH DEFENSE

Answering Defendants plead and rely upon the provisions of the Prison Litigation Reform Act which may be applicable to this case.

## NINTH DEFENSE

Answering Defendants aver that plaintiff's claims should be dismissed pursuant to 42 U.S.C. Sec. 1997(e) because they are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek relief from a defendant that is immune from such relief.

## TENTH DEFENSE

Answering Defendants aver that they are entitled to qualified immunity from suit on plaintiff's claims. Answering Defendants plead that the official-capacity claims against them are barred because those claims are claims against the Meropolitan Government, which cannot be liable because plaintiff has failed to allege that he was damaged by an official governmental custom, practice or policy.

## ELEVENTH DEFENSE

Answering Defendants individually aver that they cannot be liable to the plaintiff pursuant to 42 U.S.C. Sec. 1983 because they were not personally involved in the alleged violation of plaintiff's constitutional rights and did not otherwise acquiesce in those constitutional violations.

**TWELFTH DEFENSE**

Answering Defendants aver that they cannot be liable to the plaintiff in his official capacity pursuant to 42 U.S.C. Sec. 1983 because of the lack of any violation of that statute and/or because of the absence of any custom or policy which was a moving force behind the violation of that statute.

**THIRTEENTH DEFENSE**

No act or omission of any of the Answering Defendants was intentional, fraudulent, malicious, or reckless conduct, which must be shown by clear and convincing evidence for the awarding of any punitive damages, and therefore any award of punitive damages is barred.

**FOURTEENTH DEFENSE**

Because of the lack of clear standards, the imposition of punitive damages against any one or more the Answering Defendants is unconstitutionally vague and/or overbroad.

**FIFTEENTH DEFENSE**

Plaintiff's claim for punitive damages is in contravention of the rights of the Answering Defendants under each of the following provisions:

(a) The contracts clause of Article I, § 10 of the United States Constitution;

(b) The supremacy clause of Article VI of the United States Constitution;

(c) The due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution;

(d) The Fifth Amendment of the United States Constitution;

(e) The excessive fines clause of the Eighth Amendment of the United States Constitution;

  (f)  The equal protection clause of the Fourteenth Amendment of the United States Constitution; and

  (g)  The Constitution of the State of Tennessee.

## SIXTEENTH DEFENSE

With respect to plaintiff's claims for punitive damages, the Answering Defendants specifically incorporate by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damages which arose in the decisions of *BMW of North America v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

## SEVENTEENTH DEFENSE

Answering Defendants invoke and move the Court to grant them any and all procedural relief afforded litigants against whom a claim for punitive damages is made in accordance with *Hodges v. SC Toof & Co.*, 833 S.W.2d 896 (Tenn. 1992), including, but not limited to, (1) imposition on plaintiff of the burden of proving his entitlement to punitive damages by clear and convincing evidence and (2) a bifurcated trial to first determine liability for punitive damages in connection with the specific standards enunciated in *Toof* case.

## EIGHTEENTH DEFENSE

Answering Defendants aver that plaintiff's claim for punitive damages must be adjudicated by the Court rather than the jury pursuant to *Cooper Ind. Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 6278 (2001).

### NINETEENTH DEFENSE

Answering Defendants aver that plaintiff's claims should be dismissed pursuant to 42 U.S.C. Sec. 1997(e) because they are frivolous, malicious, and fail to state a claim upon which relief can be granted, or seek relief from a defendant who is immune or from such claims.

### TWENTIETH DEFENSE

Answering Defendants aver that this Court should conduct a non-jury evidentiary hearing on plaintiff's claims before this case is submitted to a jury trial.

### TWENTY-FIRST DEFENSE

As to defendant ABL Management, Incorporated, the gist of the Complaint, the Amended Complaint and Second Amended Complaint suggests that the plaintiff's legal theory is that they are liable to him under the doctrine of *respondeat superior*. Assuming that to be the case, Section 1983 liability cannot be predicated upon a theory of *respondeat superior* under either the Eighth Amendment or the Fourteenth Amendment. ABL Management, Incorporated did not encourage, directly participate, authorize, approve, or knowingly acquiesce in the alleged violations.

### TWENTY-SECOND DEFENSE

All averments not heretofore admitted, denied or otherwise explained are here and now denied as though set forth specifically denied.

**WHEREFORE**, having fully responded to the averments contained in the Second Amended Complaint, Answering Defendants pray that they be hence dismissed from this action with all costs taxed to the plaintiff.

Respectfully submitted,

**LEITNER, WILLIAMS, DOOLEY
& NAPOLITAN, PLLC**

By: s/ Paul R. Leitner
    **PAUL R. LEITNER (BPR #001682)**
    801 Broad Street, Third Floor
    Chattanooga, TN 37402
    (423) 265-0214

By: s/ J. Paul Brewer
    **J. PAUL BREWER – (BPR #25289)**
    414 Union Street, Suite 1900
    Bank of America Plaza
    Nashville, TN 37219
    Telephone: (615)255-7722
    Telecopier: (615)780-2210

*Attorneys for Defendants, ABL Management,
Incorporated, V. Dulin, R. Eytchison and V. Jenkins*

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, do hereby certify that the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

>James W.J. Farrar, Esq. and
>Francis Howard Young, Esq.
>Metropolitan Legal Department
>P.O. Box 196300
>Nashville, TN 37219
>*Attorneys for Daron Hall, Austin Bodie,*
>*and Sgts. Freeman, McCutcheon and Barnes*

Further, I hereby certify that a true and exact copy of the foregoing document has been served on Pro Se Plaintiff, Michael W. Ingram, via U.S. Mail, Certified / Return Receipt Requested, postage prepaid at the following address:

>Michael W. Ingram
>No. 135345 CJC
>448 Second Avenue, North
>Nashville, TN 37201

This 31st day of August, 2009.

By: s/ Paul R. Leitner