## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **MICHAEL W. INGRAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 3:09-CV-00037** |
| | ) | |
| **DARON HALL, SHERIFF; AUSTIN BODIE,** | ) | |
| **ADMINISTRATOR; ABL FOOD** | ) | |
| **SERVICE, INC.; JERRY MATHES,** | ) | **MAGISTRATE KNOWLES** |
| **FOOD SERVICE DIRECTOR; V. DULIN,** | ) | |
| **FOOD SERVICE DIRECTOR; SGT. BARNES,** | ) | |
| **DAVIDSON COUNTY SHERIFF'S OFFICE;** | ) | |
| **SGT. FREEMAN, DAVIDSON COUNTY** | ) | |
| **SHERIFF'S OFFICE; SGT. McCUTCHEON,** | ) | |
| **DAVIDSON COUNTY SHERIFF'S OFFICE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## STATEMENT OF MATERIAL FACTS IN SUPPORT OF ABL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Come the ABL defendants who have been served with service of process; ABL Management, Incorporated (erroneously sued as ABL Food Service), V. Dulin, R. Eytchison, V. Jenkins, Dana Akins, and Babette Lanius, by and through counsel, pursuant to Rule 56 of the FEDERAL RULES OF CIVIL PROCEDURE, in support of ABL Defendants' Motion for Summary Judgment, and set forth the following material facts that these Defendants aver are undisputed for purposes of that motion:

1.      Plaintiff is a pre-trial detainee housed at the CJC at 448 2nd Avenue North, Nashville, Tennessee 37201. (*Document Entry 66*, p.2).

**RESPONSE:**

2.      His current incarceration at the CJC began on December 7, 2007.  (*Document Entry 66*, p.4).

**RESPONSE:**

3.      Plaintiff is a vegetarian who claims to be allergic to beans.  (*Id.*).

**RESPONSE:**

2

4.      Plaintiff has never had to seek medical attention due to his ABL provided diet at the CJC.  (*Plaintiff's Responses to Defendants ABL Management, Inc., V. Dulin and V. Jenkins' First Set of Interrogatories*, ¶ 23).

**RESPONSE:**

5.      Defendant ABL is contracted to provide food to inmates at the CJC in Nashville, Tennessee.  (*Affidavit of Richard McClaren*, ¶ 3).

**RESPONSE:**

6.      Defendant ABL is a Louisiana corporation that is authorized to conduct business in the State of Tennessee.  (*Affidavit of Richard McClaren*, ¶ 3).

**RESPONSE:**

3

7.    ABL Management, Inc.'s principal office is located in Baton Rouge, Louisiana. (*Affidavit of Richard McClaren*, ¶ 3).

**RESPONSE:**

8.    No shareholders, directors, or corporate officers of ABL Management, Inc. have ever had any direct contact with Plaintiff. (*Affidavit of Richard McClaren*, ¶ 4).

**RESPONSE:**

9.    Defendant Dulin has been an employee of Defendant ABL for approximately three (3) years. (*Affidavit of Vernistene Dulin*, ¶ 2).

**RESPONSE:**

4

10.     Defendant Dulin has held the title of Senior Food Service Director at ABL for approximately ten (10) months.  (*Affidavit of Vernistene Dulin*, ¶ 3).

**RESPONSE:**

11.     Defendant Dulin's office is located at the Davidson County detention complex on Harding Place Road.  (*Affidavit of Vernistene Dulin*, ¶ 4).

**RESPONSE:**

12.     As the Senior Food Service Director at ABL, Defendant Dulin's job duties are of an administrative nature.  (*Affidavit of Vernistene Dulin*, ¶ 5).

**RESPONSE:**

5

13.     Any interaction Defendant Dulin would have with inmates generally would involve interaction with inmates who work in the kitchen at the CJC.  (*Affidavit of Vernistene Dulin*, ¶ 6).

**RESPONSE:**

14.     Defendant Dulin has spoken with Plaintiff on only two occasions regarding his grievances. (*Affidavit of Vernistene Dulin*, ¶ 7).

**RESPONSE:**

15.     The only interaction Defendant Dulin has had with Plaintiff has been through the written grievance process.  (*Affidavit of Vernistene Dulin*, ¶ 7).

N:\DATA\Docs\001005\025415\00802651.DOC

**RESPONSE:**




16.     At no time has Defendant Dulin received notice from any source that Plaintiff's health is or could be in danger from his diet at the CJC as provided by Defendant ABL. (*Affidavit of Vernistene Dulin*, ¶ 8).

     **RESPONSE:**




17.     At no time has Defendant Dulin received notice from any source that the diet provided to Plaintiff by Defendant ABL is not in accordance with proper nutritional guidelines. (*Affidavit of Vernistene Dulin*, ¶ 9).

     **RESPONSE:**

18.     Defendant Dulin as Senior Food Service director at ABL is familiar with portion control standard serving equipment used by ABL at CJC. (*Affidavit of Vernistene Dulin*, ¶ 10).

**RESPONSE:**

19.     ABL uses the portion control standard serving equipment at the CJC to measure the exact portions of food given to each inmate in accordance with the ABL diet assigned to that inmate.  (*Affidavit of Vernistene Dulin*, ¶ 10).

**RESPONSE:**

20.     As the Senior Food Service Director at ABL, Defendant Dulin is familiar with the portions of food served to inmates at the CJC.  (*Affidavit of Vernistene Dulin*, ¶ 11).

**RESPONSE:**

21.    The portions of food served to inmates at the CJC comply with the Portion Control Serving Equipment Standard mandated by the agreement with the Metropolitan Government of Davidson County.  (*Affidavit of Vernistene Dulin*, ¶ 11).

**RESPONSE:**


22.    Defendant Dulin as the Senior Food Service Director at ABL is familiar with the different ABL diets assigned to inmates at the CJC.  (*Affidavit of Vernistene Dulin*, ¶ 12).

**RESPONSE:**


23.    These diets are assigned by ABL's certified dietician, Babette Lanius.  (*Affidavit of Vernistene Dulin*, ¶ 12).

**RESPONSE:**

9

24.    The portions of food that are served to each inmate at the CJC comply with the specific diet assigned to that inmate.  (*Affidavit of Vernistene Dulin*, ¶ 12).

**RESPONSE:**

25.    Defendant Jenkins had been an employee of Defendant ABL for approximately (2) years.  (*Affidavit of Vickie Jenkins*, ¶ 2).

**RESPONSE:**

26.    She held the title of Assistant Food Service Director while employed with ABL. (*Affidavit of Vickie Jenkins*, ¶ 3).

**RESPONSE:**

27.     She was the Assistant Food Service Director for the CJC and the Hill Detention Center.  (*Affidavit of Vickie, Jenkins*, ¶ 4).

**RESPONSE:**

28.     As the Assistant Food Service Director at ABL, Defendant Jenkins was tasked with the responsibility of ordering food items that were necessary to fulfill the written diets for inmates at the CJC and Hill Detention Center.  (*Affidavit of Vickie Jenkins*, ¶ 4).

**RESPONSE:**

29.     Any interaction Defendant Jenkins would have had with inmates generally involved speaking with inmates that worked in the kitchen at the CJC.  (*Affidavit of Vickie Jenkins*, ¶ 5).

**RESPONSE:**




30.     The only interaction Defendant Jenkins had with Plaintiff was to deliver his food and through the written grievance process.  (*Affidavit of Vickie Jenkins*, ¶ 6).

**RESPONSE:**




31.     At no time during her employment had Defendant Jenkins received notice from any source that Plaintiff's health was or could be in danger from his diet at the CJC as provided by Defendant ABL.  (*Affidavit of Vickie Jenkins*, ¶ 7).

**RESPONSE:**

32.     At no time during her employment had Defendant Jenkins received notice from any source that the diet provided to Plaintiff by Defendant ABL was not in accordance with proper nutritional guidelines.  (*Affidavit of Vickie Jenkins*, ¶ 9).

**RESPONSE:**

33.     Defendant Akins has been an employee of Defendant ABL for approximately less than one year.  (*Affidavit of Dana Akins*, ¶ 2).

**RESPONSE:**

34.     She has held the title of Kitchen Supervisor at the Davidson County Justice Center since being hired by ABL.  (*Affidavit of Dana Akins*, ¶ 3).

**RESPONSE:**

13

35.     As the Kitchen Supervisor at the Davidson County Justice Center, Defendant Akins is tasked with the responsibility of overseeing food preparation for the inmates housed at that facility.   (*Affidavit of Dana Akins*, ¶ 4).

**RESPONSE:**

36.     Any interaction Defendant Akins would have with inmates generally would involve interaction with inmates who work in the kitchen at the Davidson County Justice Center. (*Affidavit of Dana Akins*, ¶ 5).

**RESPONSE:**

14

37.     Defendant Akins has never spoken with Plaintiff. (*Affidavit of Dana Akins*, ¶ 7).

**RESPONSE:**

38.     At no time has Defendant Akins received notice from any source that Plaintiff's health is or could be in danger from his diet at the CJC as provided by Defendant ABL. (*Affidavit of Dana Akins*, ¶ 8).

**RESPONSE:**

39.     At no time has Defendant Akins received notice from any source that the diet provided to Plaintiff by Defendant ABL is not in accordance with proper nutritional guidelines. (*Affidavit of Dana Akins*, ¶ 9).

**RESPONSE:**

40.     From April 2004 to the present, Defendant Lanius has served as the Corporate Dietician for ABL Management, Inc.  (*Affidavit of Babette Lanius*, ¶ 2); (*Affidavit of Babette Lanius*, Exhibit 1).

**RESPONSE:**

41.     Someone at the Davidson County Justice Center contacted Defendant Lanius and asked her to prepare a vegetarian diet for Plaintiff.  (*Affidavit of Babette Lanius*, ¶ 3).

**RESPONSE:**

42.     An official of the Davidson County Justice Center (the "Facility") is required to designate a special diet for any inmate. (*Affidavit of Babette Lanius*, ¶ 3); (*Affidavit of Babette Lanius*, Exhibit 2).

**RESPONSE:**

16

43.    There are various kinds of medical diets for inmates with different medical conditions.   (*Affidavit of Babette Lanius*, ¶ 3).

**RESPONSE:**

44.    A vegetarian diet is not a medical diet, but is a religious diet, and is normally designated by a chaplain. (*Affidavit of Babette Lanius*, ¶ 3).

**RESPONSE:**

45.     After being requested to designate a religious vegetarian diet with no beans for Plaintiff, Defendant Lanius originally prepared a one-page diet. (*Affidavit of Babette Lanius*, ¶ 4); (*Affidavit of Babette Lanius*, Exhibit 3).

**RESPONSE:**

46.     After that diet had been placed into service, someone at the Facility again contacted Defendant Lanius and asked her to prepare a diet for Plaintiff that had more variety and that did not contain beans. (*Affidavit of Babette Lanius*, ¶ 5).

**RESPONSE:**

47.     Accordingly, on June 23, 2009, Defendant Lanius prepared a 7-day Lacto-Ovo Vegetarian-No Beans Diet. (*Affidavit of Babette Lanius*, ¶ 5); (*Affidavit of Babette Lanius*, Exhibit 4).

**RESPONSE:**

18

48.     This diet has a total of 3,135 calories.  (*Affidavit of Babette Lanius*, ¶ 7).

**RESPONSE:**

49.     The <u>Lacto-Ovo</u> vegetarian no beans diet was requested by the officials of the Facility.  (*Affidavit of Babette Lanius*, ¶ 8).

**RESPONSE:**

50.     Defendant Lanius goal was to have more than 2,700 calories in a vegetarian diet. (*Affidavit of Babette Lanius*, ¶ 6).

**RESPONSE:**

51.     There are over 2,900 calories in the regular diet fed to the general population. (*Affidavit of Babette Lanius*, ¶ 6).

    **RESPONSE:**

52.     Two Thousand Seven Hundred (2,700) calories is adequate for a man of Plaintiff's age. (*Affidavit of Babette Lanius*, ¶ 6).

    **RESPONSE:**

53.     The Lacto-Ovo Vegetarian No-Beans Diet, as requested by the officials of the Facility, is an adequate diet for the maintenance of good health of Plaintiff, and they are in

accordance with all the standards of the dietary industry. (*Affidavit of Babette Lanius*, ¶ 8);

(*Affidavit of Babette Lanius*, Exhibits 3 and 4).

**RESPONSE:**

N:\DATA\Docs\001005\025415\00802651.DOC

Respectfully submitted,

**LEITNER, WILLIAMS, DOOLEY
& NAPOLITAN, PLLC**

By: s/ Paul R. Leitner
          **PAUL R. LEITNER (BPR #001682)**
          801 Broad Street, Third Floor
          Chattanooga, TN 37402
          (423) 265-0214

By: s/ J. Paul Brewer
          **J. PAUL BREWER – (BPR #25289)**
          414 Union Street, Suite 1900
          Bank of America Plaza
          Nashville, TN  37219
          Telephone: (615)255-7722
          Telecopier: (615)780-2210

*Attorneys for Defendants, ABL Management,
Incorporated, V. Dunlin, R. Eytchison and
V. Jenkins, Dana Akins, and Babette Lanius*

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney, do hereby certify that the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

James W.J. Farrar, Esq. and
Francis Howard Young, Esq.
Metropolitan Legal Department
P.O. Box 196300
Nashville, TN 37219
*Attorneys for Daron Hall, Austin Bodie,*
*and Sgts. Freeman, McCutcheon and Barnes*

Further, I hereby certify that a true and exact copy of the foregoing document has been served on Pro Se Defendant, Michael W. Ingram, via certified, return receipt requested, U.S. Mail, postage prepaid at the following address:

Michael W. Ingram
No. 135345 CJC
448 Second Avenue, North
Nashville, TN 37201

This <u>4th</u> day of November, 2009.

By: <u>s/ Paul R. Leitner</u>

23